# Exhibit 2

**PAPERS FILED IN CAUSE NO. 2024-26036 IN THE
133RD JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

A.    Register of Actions (as of July 30, 2024).

B.    Plaintiffs' Original Petition (Apr. 23, 2024).

C.    Request for Issuance of Service — CB&I Inc. (Apr. 23, 2024).

D.    Request for Issuance of Service — Chiyoda International Corporation (Apr. 23, 2024).

E.    Request for Issuance of Service — Zachry Industrial, Inc. (Apr. 23, 2024).

F.    Citation Corporate and Affidavit of Service — CB&I, Inc. (May 6, 2024).

G.    Citation Corporate and Affidavit of Service — Chiyoda International Corporation (May 6, 2024).

H.    Citation Corporate and Affidavit of Service — Zachry Industrial, Inc. (May 6, 2024).

I.    Rule 11 Agreement Regarding Extension of Answer Deadline (May 15, 2024).

J.    Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings by Defendant Zachry Industrial, Inc. (June 14, 2024).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLNG LIQUEFACTION, LLC; | § | Adv. Pro. No. _____ |
| FLNG LIQUEFACTION 2, LLC; and | § | |
| FLNG LIQUEFACTION 3, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Removed from: |
| | § | 133rd Judicial District Court |
| CB&I INC.; | § | Harris County, Texas |
| ZACHRY INDUSTRIAL, INC.; and | § | Cause No. 2024-26036 |
| CHIYODA INTERNATIONAL | § | |
| CORPORATION, | § | Related to: |
| | § | In re: Zachry Holdings, Inc., *et al.* |
| Defendants. | § | Case No. 24-90377 (MI) |

**NOTICE OF REMOVAL BY DEFENDANT ZACHRY INDUSTRIAL, INC.**

TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a), Federal Rule of Bankruptcy Procedure 9027(a)(1), and Bankruptcy Local Rule 9027–1, Defendant Zachry Industrial, Inc. ("Zachry Industrial") hereby removes to this Court this action now pending in the 133rd Judicial District Court of Harris County, Texas, Cause No. 2024-26036 ("Removed Action").

The grounds for removal are as follows:

1.     On May 21, 2024, Zachry Industrial and affiliated entities (collectively, "Zachry") filed voluntary petitions for relief under Chapter 11 of the U.S. Bankruptcy Code in this Court, consolidated into Case No. 24-90377 ("Zachry Chapter 11 Cases"). According to its first-day declaration, Zachry sought bankruptcy protection "as a result of financial

distress caused by one of [the debtors'] major projects, the liquified natural gas . . . project . . . awarded to Debtor [and Defendant herein] Zachry Industrial, Inc." and its joint venture partners.  Zachry Chapter 11 Cases, Doc. 7 at 2, ¶ 3.  Those joint-venture partners are co-Defendant Chiyoda International Corporation and CB&I LLC.  *Id.*  The Zachry Chapter 11 Cases remain pending.

2.      On April 23, 2024, Plaintiffs filed this Removed Action, asserting a claim alleging breach by Defendants of engineering, procurement, and construction contracts with Plaintiffs in connection with the Quintana Island LNG Liquefaction and Export Terminal in Freeport, Texas.  Plaintiffs "seek monetary relief over $1,000,000."  Plaintiffs have served Defendants, but none has responded to Petition.  On June 14, 2024, Zachry Industrial filed a Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings.

3.      Zachry Industrial expressly does not concede that it is a proper party to the Removed Action.

4.      The Removed Action is a civil action that may be removed to this Court pursuant to 28 U.S.C. § 1452(a) because the Court has jurisdiction over the claims asserted therein under 28 U.S.C. § 1334.  Section 1334(b) grants this Court "original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11," and it "is well established that '[f]ederal courts have "related to" subject matter jurisdiction over litigation arising from a bankruptcy case if the proceeding could conceivably affect the estate being administered in bankruptcy.'"  *In re KSRP, Ltd.*, 809 F.3d 263, 266 (5th Cir. 2015) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386 (5th Cir. 2010)).  Moreover, cases "are 'related to' a bankruptcy case if they involve legal claims by and

against the debtor." *Menggui Zhang v. Rothrock*, 2006 WL 8446467, at *1 (S.D. Tex. Jan. 4, 2006).

5.     The Removed Action falls under "related to" jurisdiction because it involves legal claims against debtor Zachry Industrial, and because it could conceivably affect the estate being administered in bankruptcy.  Specifically, as noted above, the Removed Action seeks money judgments against Zachry and its co-Defendants jointly and severally for more than $1 million.  Zachry Industrial will likely incur significant costs disputing liability and damages, further reducing its estate and affecting the administration.  If there is a judgment against Zachry's co-Defendants, Zachry might be subject to contribution claims.

6.     Removal by Zachry Industrial is timely under Federal Rule of Bankruptcy Procedure 9027(a)(2)(A), because the Removed Action (filed on April 23) was pending when Zachry Industrial commenced its case under the Bankruptcy Code (on May 21), and this notice is being filed within 90 days of such commencement.

7.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), Zachry Industrial states that it consents to entry of final orders or judgment by the bankruptcy court.

8.     The information required by Local Rule 9027-1(a) — (i) a list of all names and addresses of the parties, (ii) a designation of those parties service of process has been accomplished, and (iii) a list of the name, address, and telephone number of the counsel for every party — is attached hereto as Exhibit 1.

9.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1) and Local Bankruptcy Rule 9027–1(b), copies of all papers that have been filed in the 133rd Judicial District Court of Harris County, Texas are attached hereto as Exhibit 2.

10.     Pursuant to 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(b)–(c), Zachry Industrial will, promptly after filing this Notice of Removal, (1) serve a copy of the notice on all parties to the Removed Action and (2) file a copy of the notice with the clerk of the 133rd Judicial District Court of Harris County, Texas.

WHEREFORE, Defendant Zachry Industrial, Inc. respectfully gives notice that the Removed Action pending against it in the 133rd Judicial District Court of Harris County, Texas is hereby removed to this Court.

Dated:  July 31, 2024                    Respectfully submitted,

*/s/ John B. Thomas*
John B. Thomas (Attorney-in-Charge)
Texas Bar No. 19856150
S.D. Tex. ID No. 10675
jthomas@hicks-thomas.com
Eric Grant
Texas Bar No. 24076167
S.D. Tex. ID No. 1786107
grant@hicks-thomas.com
D. Ryan Cordell, Jr.
Texas Bar No. 24109754
S.D. Tex. ID No. 3455818
rcordell@hicks-thomas.com
Hicks Thomas LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:  (713) 547-9100
Facsimile:   (713) 547-9150

Counsel for Defendant Zachry Industrial, Inc.

## INDEX OF EXHIBITS

1.   All information required by Local Rule 9027–1(a).

2.   Copies of all papers filed in Cause No. 2024-26036 in the 133rd Judicial District Court of Harris County, Texas.

**PAPERS FILED IN CAUSE NO. 2024-26036 IN THE**
**133RD JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

A.     Register of Actions (as of July 30, 2024).

B.     Plaintiffs' Original Petition (Apr. 23, 2024).

C.     Request for Issuance of Service — CB&I Inc. (Apr. 23, 2024).

D.     Request for Issuance of Service — Chiyoda International Corporation (Apr. 23, 2024).

E.     Request for Issuance of Service – Zachry Industrial, Inc. (Apr. 23, 2024).

F.     Citation Corporate and Affidavit of Service — CB&I, Inc. (May 6, 2024).

G.     Citation Corporate and Affidavit of Service — Chiyoda International Corporation (May 6, 2024).

H.     Citation Corporate and Affidavit of Service — Zachry Industrial, Inc. (May 6, 2024).

I.     Rule 11 Agreement Regarding Extension of Answer Deadline (May 15, 2024).

J.     Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings by Defendant Zachry Industrial, Inc. (June 14, 2024).

**A**

Office of Harris County District Clerk - Marilyn Burgess

**HCDistrictclerk.com**   FLNG LIQUEFACTION LLC vs. CB&I INC (A TEXAS       7/30/2024
                          CORPORATION)
                          Cause: 202426036       CDI: 7       Court: 133

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 114935862 | Notice of Suggestion of Bankruptcy and Automatic Stay Of Proceedings | | 06/14/2024 | 5 |
| -> 114935865 | Exhibit A Zachrys Voluntary Petition of Zachry Holdings Inc Under chapter of the Bankruptcy Code | | 06/14/2024 | 29 |
| 114418571 | Rule 11 Agreement Regarding Extension of Answer Deadline | | 05/15/2024 | 2 |
| 114245187 | Citation with Affidavit of Service | | 05/06/2024 | 3 |
| 114245191 | Citation with Affidavit of Service | | 05/06/2024 | 3 |
| 114245192 | Citation with Affidavit of Service | | 05/06/2024 | 3 |
| 113991757 | Plaintiffs' Original Petition | | 04/23/2024 | 16 |
| | Plaintiffs' Original Petition | | 04/23/2024 | |
| 113996861 | Request for Issuance of Service | | 04/23/2024 | 2 |
| 113996863 | Request for Issuance of Service | | 04/23/2024 | 2 |
| 113996864 | Request for Issuance of Service | | 04/23/2024 | 2 |

**B**

4/23/2024 10:57 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 86955386
By: Bernitta Barrett
Filed: 4/23/2024 10:57 AM

Cause No. _____

| | | |
|---|---|---|
| **FLNG LIQUEFACTION, LLC; FLNG LIQUEFACTION 2, LLC; AND FLNG LIQUEFACTION 3, LLC** | § § § § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § § § | |
| **v.** | § § | **_____ JUDICIAL DISTRICT** |
| **CB&I INC.; ZACHRY INDUSTRIAL, INC.; AND CHIYODA INTERNATIONAL CORPORATION** | § § § § § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

FLNG Liquefaction, LLC; FLNG Liquefaction 2, LLC; and FLNG Liquefaction 3, LLC file this Original Petition against CB&I Inc.; Zachry Industrial, Inc.; and Chiyoda International Corporation, respectfully showing as follows.

### I.    PRELIMINARY STATEMENT

1.    Plaintiffs contracted with Defendants under fixed price, turnkey, engineering, procurement, and construction agreements for the construction of a natural gas liquefaction and liquified natural gas ("LNG") export facility, the details of which are discussed below.  Plaintiffs have recently discovered significant defects in the performance of Defendants' work that has caused major damage to key equipment at the LNG facility resulting in substantial repair costs, the shut-down of operations, and other damages.  Plaintiffs file this action to recover all damages caused by Defendants failure to comply with their contractual obligations.

### II.    STATEMENT OF RELIEF

2.    Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs assert that they seek monetary relief over $1,000,000 and all the other relief to which they are entitled.

1

Copy from re:SearchTX

### III.   DISCOVERY LEVEL

3.     This case is intended to be conducted under Discovery Level 3 in accordance with Texas Rule of Civil Procedure 190.4.

### IV.   PARTIES

4.     Plaintiff FLNG Liquefaction, LLC ("FLIQ1") is a Delaware limited liability company with its principal place of business in Houston, Texas.

5.     Plaintiff FLNG Liquefaction 2, LLC ("FLIQ2") is a Delaware limited liability company with its principal place of business in Houston, Texas.

6.     Plaintiff FLNG Liquefaction 3, LLC ("FLIQ3") is a Delaware limited liability company with its principal place of business in Houston, Texas.

7.     Defendant CB&I Inc. ("CB&I") is a Texas corporation with its principal place of business in Houston, Texas.  CB&I may be served with process through its registered agent C T Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.     Defendant Zachry Industrial, Inc. ("Zachry") is a Delaware corporation with its principal place of business in San Antonio, Texas.  Zachry may be served with process through its registered agent C T Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9.     Defendant Chiyoda International Corporation ("Chiyoda") is a Washington corporation with its principal place of business in Houston, Texas.  Chiyoda may be served with process through its registered agent C T Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### V.   JURISDICTION & VENUE

10.     Venue is proper in Harris County pursuant to Texas Civil Practice & Remedies Code § 15.020 because the written agreements at issue involve "major transactions" as defined

Copy from re:SearchTX

under the statute, and the parties agreed to venue in Harris County.  Specifically, the agreements at issue provide that each party "irrevocably submits to the exclusive jurisdiction of any Federal court or Texas state court sitting in Houston, Texas."

11.     This Court has subject matter jurisdiction over this dispute because the amount in controversy is within the jurisdictional limits of this Court.

12.     This Court has personal jurisdiction over Defendants because they are citizens of Texas by virtue of having their principal places of business in Texas.  Further, Defendants conduct business in Texas, including but not limited to, by entering into contractual relationships and performing work in Texas and maintaining offices and employees in Texas.  Defendants have purposefully availed themselves of the benefits and protections of the State of Texas by establishing minimum contacts here, and this Court's exercise of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

## VI.   Factual Background

### A.     Freeport LNG's Quintana Island Facility

13.     Freeport LNG Development, L.P. ("Freeport LNG") is one of the first and largest exporters of LNG.   With its joint venture partners, Freeport LNG owns and operates an LNG facility located on Quintana Island near Freeport, Texas (the "LNG Facility").

14.     The LNG Facility was previously an LNG import and regasification facility (the "Regas Facility") featuring two 160,000 cubic meter LNG storage tanks, a marine dock that could accommodate the largest LNG tankers in service, and an LNG vaporization system capable of producing over 2 billion cubic feet (Bcf) of gas per day.  Construction on the Regas Facility started in 2005, and commercial operations began in 2008.  However, by the time the import terminal commenced operations in 2008, the North American natural gas industry had begun to experience

3

Copy from re:SearchTX

a sea change—the shale gas revolution.

15.     In 2010, to take advantage of excess domestic natural gas reserves due primarily to improvements in extracting gas from shale, Freeport LNG began a project to transform the Regas Facility from an import terminal into a natural gas liquefaction and LNG export facility (as defined above, the "LNG Facility").

16.     LNG is natural gas that is super-cooled to transform it from a gaseous state into a liquid for ease and safety of non-pressurized storage and transport.  Natural gas is converted to a liquid in a liquefaction plant that performs a sequence of processes, which is often referred to as "liquefying" the natural gas.  This liquefaction process takes place in processing units that are often referred to as "trains."

17.     The LNG Facility, which currently has three liquefaction processing units, or trains, is the first world-scale electric-powered LNG plant in North America.  Train 1 was commissioned and began commercial operations in December 2019.  Train 2 and Train 3 commenced operations in January and May 2020, respectively.  When operating at full capacity, the output from the Facility's three liquefaction trains is enough to decrease the United States trade deficit by 1-2% alone.

18.     Each liquefaction train at the LNG Facility uses three General Electric 75 MW motors that power three propane and mixed-refrigerant compressors.  The electric motors used at the LNG Facility were selected to allow Freeport LNG to comply with strict local air emissions standards and meet its production and export targets.

**B.     The EPC Contracts**

19.     FLIQ1, FLIQ2, and FLIQ3 are affiliates of Freeport LNG.

20.     FLIQ1 developed the first LNG train ("Train 1").  FLIQ2 developed the second

4

Copy from re:SearchTX

LNG train ("Train 2"), and FLIQ3 developed the third LNG train ("Train 3").

21.     FLIQ1 and FLIQ2 selected CB&I and Zachry, through a joint venture arrangement, to provide all engineering, procurement, construction, pre-commissioning, commissioning, start-up and testing services for Train 1 and Train 2 on a fixed price, turnkey basis.

22.     On December 10, 2013, FLIQ1 entered into a Fixed Price Separated Turnkey Agreement with CB&I and Zachry for the Engineering, Procurement and Construction of the Freeport Train 1 Liquefaction Project ("Train 1 EPC Contract").

23.     Also on December 10, 2013, FLIQ2 entered into a Fixed Price Separated Turnkey Agreement with CB&I and Zachry for the Engineering, Procurement and Construction of the Freeport Train 2 Liquefaction Project ("Train 2 EPC Contract").

24.     FLIQ3 selected CB&I, Zachry and Chiyoda, through a joint venture arrangement, to provide engineering, procurement, construction, pre-commissioning, commissioning, start-up and testing services for Train 3 on a fixed price, turnkey basis.

25.     On March 24, 2015, FLIQ3 entered into a Fixed Price Separated Turnkey Agreement with CB&I, Zachry, and Chiyoda for the Engineering, Procurement and Construction of the Freeport Train 1 Liquefaction Project ("Train 3 EPC Contract").

26.     The pertinent provisions of the Train 1 EPC Contract, Train 2 EPC Contract, and Train 3 EPC Contract are virtually identical and are referred to collectively in this Petition as the EPC Contracts.  CB&I, Zachry, and Chiyoda, as applicable, are referred to in the EPC Contracts collectively as "Contractor," and will be collectively referred to as "Contractor" in this Petition.

**C.     Defendants' Obligations Under the EPC Contracts**

27.     The EPC Contracts establish Contractor's substantive performance standards for the Work.  Among other obligations, Defendants agreed to perform all engineering, design,

5

Copy from re:SearchTX

manufacturing, and fabrication work for Trains 1, 2, and 3 in accordance with applicable codes and standards and in accordance with good engineering and construction practices.

28.     Specifically, Section 2.5C of the EPC Contracts provides that:

"***Contractor shall perform the Work in accordance*** with Applicable Law and ***Applicable Codes and Standards***, whether or not such Applicable Law or Applicable Codes and Standards came into effect before the Effective Date or during the performance of the Work." (emphasis added).

29.     Section 3.1A of the EPC Contracts provides that:

"***the Work*** shall be performed on a turnkey basis and ***shall include*** all ***engineering***, ***procurement,*** construction, pre-commissioning, start-up and testing of the Train [1, 2, and 3] Expansion, all ***Equipment***, construction equipment (including materials, apparatus, structures, supplies, tools, machinery, equipment and scaffolding), spare parts, labor, ***workmanship, inspection, manufacture, fabrication***, installation, ***design***, delivery, transportation, storage, training of Owner's operations and maintenance personnel and all other items or tasks that are set forth in Attachment A, or otherwise required to achieve RFSU, RLFC, Substantial Completion and Final Completion of the Train 3 Expansion in accordance with the requirements of this Agreement, including achieving the Minimum Acceptance Criteria and Performance Guarantees." (emphasis added).

30.     Section 3.1A of the EPC Contracts further provides that:

"***Contractor shall perform the Work in accordance with GECP***, Applicable Law, Applicable Codes and Standards, and all other terms and provisions of this Agreement." (emphasis added).

31.     The EPC Contracts define "Good Engineering and Construction Practices" or "GECP" as:

"***the generally accepted reasonable and prudent practices, methods, skill, care, techniques and standards*** employed by the liquefied natural gas engineering and construction industries with respect to: (i) the ***engineering, procurement,*** construction, pre-commissioning, commissioning, testing and start-up of LNG storage facilities, natural gas treatment facilities and natural gas liquefaction facilities, all in conformance with Applicable Codes and Standards, Applicable Law, and the standards recommended by the suppliers and manufacturers of Equipment provided hereunder; (ii) personnel and facility safety and environmental protection; (iii) efficient scheduling of the Work; and (iv) the reliability and availability of the Facility under the operating conditions reasonably expected at the Site, as specified in Attachment A." (emphasis added).

6

32.     Section 3.2A of the EPC Contracts provides that Contractor's specific obligations include to "***procure***, supply, transport, handle, properly store, ***assemble***, erect and install all ***Equipment***." (emphasis added).

33.     Section 3.2B of the EPC Contracts provides that Contractor's specific obligations include to:

> "provide construction, construction management (including the furnishing of all field supplies, tools, construction equipment, and all Site supervision and craft labor), civil/structural, electrical, instrumentation, field design, ***inspection and quality control services required to ensure that the Work is performed in accordance herewith***." (emphasis added).

34.     Section 3.2D of the EPC Contracts requires that the Contractor "perform shop and other inspections of the work of Subcontractors and Sub-subcontractors ***to ensure that such work meets all of the requirements of this Agreement***." (emphasis added).

35.     Section 3.2R of the EPC Contracts requires that the Contractor "***perform, or cause to be performed, all design and engineering Work in accordance with this Agreement***, including that specified in Section 3.3." (emphasis added).

36.     Section 3.3A of the EPC Contracts provides that:

> "Contractor shall, as part of the Work, ***perform, or cause to be performed, all design and engineering Work in accordance with this Agreement*** and cause the Work to meet and achieve the requirements of this Agreement, including achieving the Minimum Acceptance Criteria and Performance Guarantees." (emphasis added).

37.     Section 3.3C(6) of the EPC Contracts provides that:

> "Owner's review or approval of any Drawings and Specifications (or Owner's lack of comments or written approval thereof) shall not in any way be deemed to limit or in any way alter Contractor's responsibility to perform and complete the Work in strict accordance with the requirements of this Agreement, and ***in the event that there is a discrepancy, difference or ambiguity between the terms of this Agreement and any Drawings and Specifications, the interpretation imposing the greater obligation on Contractor shall control***." (emphasis added).

7

Copy from re:SearchTX

38.     Section 3.3D of the EPC Contracts provides that:

"***Contractor shall perform***, or cause to be performed, all design and ***engineering work in accordance with Applicable Law and Applicable Codes and Standards***, and all Drawings, Specifications and design and engineering Work shall be signed and stamped by design professionals licensed in accordance with Applicable Law." (emphasis added).

39.     Section 8.2B of the EPC Contracts provides that Contractor remains responsible for breaches of its obligations under the EPC Contracts following Substantial Completion:

"As between Owner and Contractor, Owner shall bear the risk of physical loss and damage to the Train [1, 2, and 3] Expansion and each component thereof … after Substantial Completion of the Train [1, 2, and 3] Expansion is achieved…. Notwithstanding the foregoing, ***under no circumstances shall this Section 8.2B be interpreted to relieve Contractor of its obligations or liabilities under this Agreement***, including its ***obligations with respect to Defective Work*** and Corrective Work and its obligations under Section 20.1 and under Section 2.B of Attachment O." (emphasis added).

40.     Section 12 of the EPC Contracts establishes Contractor's Warranties for its Work. Specifically, under Section 12.1B of the EPC Contracts, Contractor warrants that the Work "including Equipment, and each component thereof" shall be:

"1. new, complete, and of suitable grade for the intended function and use in accordance with this Agreement;" "2. ***in accordance with all of the requirements of this Agreement***, ***including in accordance with GECP***, Applicable Law and Applicable Codes and Standards;" and "4. ***free from defects in design, material and workmanship***." (emphasis added).

41.     Section 12.1C of the EPC Contracts provides:

 "Contractor shall, without additional cost to Owner, use all commercially reasonable efforts to obtain warranties from Subcontractors and Sub-subcontractors that meet or exceed the requirements of this Agreement; provided, however, ***Contractor shall not in any way be relieved of its responsibilities and liability to Owner under this Agreement***, regardless of whether such Subcontractor or Sub-subcontractor warranties meet the requirements of this Agreement, as ***Contractor shall be fully responsible and liable to Owner for its Warranty and Corrective Work obligations and liability under this Agreement for all Work***." (emphasis added).

42.     Section 12.1C of the EPC Contracts further provides:

8

Copy from re:SearchTX

"All such [Subcontractor and Sub-subcontractor] warranties shall be ***deemed to run to the benefit of Owner*** and Contractor.  Such warranties, with duly executed instruments assigning the warranties to Owner, shall be ***enforceable by Owner upon Substantial Completion***.  All warranties provided by any Subcontractor or Sub-subcontractor shall be in such form as to permit ***direct enforcement by Contractor or Owner*** against any Subcontractor or Sub-subcontractor whose warranty is called for." (emphasis added)

43.     Section 12.1C of the EPC Contracts also establishes that:

"***Contractor is jointly and severally liable*** with such Subcontractor or Sub-subcontractor with respect to such Subcontractor or Sub-subcontractor warranty."

44.     Section 12.3 of the EPC Contracts establishes Contractor's obligation to perform Corrective Work during the Defect Correction Period, which is defined as the 18-month period following Substantial Completion.  However, Section 12.3D of the EPC Contracts makes clear that Contractor remains responsible to Owner for failures to comply with its Warranties under the EPC Contracts:

"Nothing contained in this Section 12.3 shall be construed to establish a period of limitation with respect to other obligations which Contractor might have under the Agreement.  Establishment of the ***Defect Correction Period*** relates only to the specific obligation of Contractor to perform Corrective Work, and ***has no relationship to the time within which the obligation to comply with this Agreement may be sought to be enforced, nor to the time within which proceedings may be commenced to establish Contractor's liability with respect to Contractor's obligations other than specifically to perform Corrective Work***." (emphasis added)

**D.     Defects in the Trains' Motors**

45.     While the Project experienced Contractor execution delays and other difficulties, after Trains 1, 2, and 3 began commercial operations, no significant defects in Defendants' work were discovered after the expiration of the 18-month Defect Correction Period until recently.

46.     On January 17, 2024, the Train 3 Propane Compressor 75 MW Motor ("75 MW Motor") tripped and remained offline, despite several attempts to restart it.  Initial investigations indicated that the likely cause of the trip was an electrical fault within a non-accessible portion of

9

Copy from re:SearchTX

the 75 MW Motor.  A subsequent root cause analysis ("RCA") determined that the direct cause of the 75 MW Motor failure was an electrical short caused by loose hardware (bolts, nuts and washers) within the 75 MW Motor that dislodged from a protective panel where they were installed and fell into the 75 MW Motor windings.

47.     Specifically, the RCA identified the following root causes of the loose hardware:

a.   _Deficient bolt/washer/nut retention assembly design_:  Design was not in accordance with manufacturer recommendations or Good Engineering and Construction Practices ("GECP").  Specifically, **_locking nuts were not used to ensure that the hardware remained tightened in place_** within the 75 MW Motor during normal operations within vibration integrity limits.  Additionally, **_Nord-Lock washers were placed on only one side of the bolt step up_**, which we understand **_is not in accordance with manufacturer recommendations_** that require a Nord-Lock washer on both the bolt and nut sides for proper fastening.

b.   _Inadequate quality assurance/quality control during assembly_:  There was **_defective workmanship during assembly, including the use of improper parts, as well as differing metals for similar parts_**.  For example, bolt assembly components in the 75 MW Motor were a mixture of stainless steel and carbon steel parts, and a large shim washer was found within the 75 MW Motor and is not an approved material in the bill of materials, nor is the use of shim washers part of the proper design of the bolt assembly.  In addition, **_multiple bolts were identified as being inadequately torqued_**.

48.     Similar defects have been identified in two other Train 3 motors, which will also require repairs.

49.     The RCA identified a separate Defect in the 75 MW motor that also requires repair in order to prevent premature failure in the future.  Specifically, significant partial discharge was found on the cable bundles going from the stator to the motor termination boxes in the 75 MW motor.  The cause of the discharge was determined to be the excessive length of the cables and the increased bend radius of the cabling.  Cable sheath and insulation damage due to excess partial discharge was also found in the other Train 3 motors, requiring repairs to all three Train 3 motors before they could be placed back into service.

Copy from re:SearchTX

50. The same 75 MW Motor are utilized in Trains 1 and 2 of the LNG Facility. Given the prevalence of the Defects in the Train 3 motors, Plaintiffs believed that it was likely that the motors in Trains 1 and 2 are affected by the same Defects.

51. As a result, Plaintiffs implemented enhanced monitoring of Trains 1 and 2 and planned to perform inspections of Trains 1 and 2 after the repairs to Train 3 were completed. However, the enhanced monitoring performed on the Train 1 and 2 motors identified an increase in partial discharge and current abnormalities in one of the Train 2 motors. As such, Train 2 was taken offline for inspection prior to the completion of the repairs to Train 3.

52. Inspections of the Train 2 motors revealed additional workmanship issues, even moreso than those found in the inspections of the Train 3 motors. Not only did all 6 bolt assemblies dislodge from the protective micarta panel (as they did in the damaged Train 3 motor), but the micarta panel itself partially separated due to an approximately two-foot long bolt assembly dislodging from the underside of the panel. While one of the two-foot long bolt assemblies remained in place, the other bolt assembly became fully dislodged from the protective panel and appears to have dropped into the rotor portion of the motor and sheared into numerous smaller pieces (which caused additional damage to the motor internals).

53. The inspection of the Train 2 motor also identified substantial damage to the insulation on the motor's stator. The preliminary boroscope inspection of Train 2's 12K-31 motor identified that some bolt assemblies have dislodged from the micarta panels.

54. Given the extent of the faulty workmanship and poor condition of the bolt assemblies and cabling supports identified in Train 2, Plaintiffs made the decision to take Train 1 offline immediately to mitigate any possibility of damage to the Train 1 motors.

Copy from re:SearchTX

55.     FLIQ3 has incurred damages, costs, losses, and expenses as a result of the failure of the 75 MW motor on Train 3 and Contractor's failure to comply with its obligations and Warranties under the EPC Contracts, including investigatory and repair costs, removal and transportation costs for the 75 MW motor to be taken from its installed location to and from the off-site facility for repairs, costs to install a spare 75 MW motor into Train 3, and other costs and expenses incurred by FLIQ3 as a result of the Defects.  FLIQ3 also incurred additional damages, costs, losses and expenses to carry out preventative maintenance on the other Train 3 motors.

56.     FLIQ1 and FLIQ2 have or will incur similar damages, costs, losses and expenses as a result of the Contractor's failure to comply with its obligations and Warranties under the EPC Contracts in connection with the motors on Trains 1 and 2.

57.     Because of Defendants' breaches, it has been necessary for Plaintiffs to retain the undersigned attorneys to prosecute this claim.

58.     All conditions precedent to filing this action have or will soon occur.

## VII.     CAUSES OF ACTION

### A.     Breach of the EPC Contracts

59.     Plaintiffs incorporate and reallege the preceding allegations as if fully set forth below.

60.     Plaintiffs entered into the EPC Contracts with Defendants, which constitute valid and enforceable contracts.

61.     Defendants have breached their substantive performance obligations under Articles 2 and 3 of the EPC Contracts, as well as their Warranty obligations under Article 12 of the EPC Contracts, by at least the following acts and omissions:

a.     Contractor's deficient bolt/washer/nut retention assembly design and its

12

Copy from re:SearchTX

inadequate quality assurance/quality control during assembly,

b.    Contractor's excessive cable length and increased bend radius of cabling resulting in significant partial discharge on the cable bundles, and

c.    Contractor's deficient bolt assemblies, causing the bolts to become dislodged from the micarta panels and separation of the micarta panels themselves.

62.    Defendants' acts and omissions constitute a breach of their obligations under the EPC Contracts, including, *inter alia*, the obligations to:

a.    perform engineering, design, manufacture and fabrication "in accordance with the requirements of this Agreement" under Section 3.1A;

b.    "perform the Work in accordance with GECP" under Section 3.1A, which includes "reasonable and prudent practices, methods, skill, care, techniques and standards" for the engineering, design and construction of LNG facilities;

c.    "procure" and "assemble, erect and install all Equipment" under Section 3.2A;

d.    "provide … inspection and quality control services" under Section 3.2B;

e.    inspect the Work of their Subcontractors and "ensure that such work meets all the requirements of this Agreement" under Section 3.2D;

f.    "perform, or cause to be performed, all design and engineering Work in accordance with this Agreement" under Section 3.2R and the equivalent language of Section 3.3A;

g.    comply with their Warranty that the Equipment and each component thereof

Copy from re:SearchTX

shall be "new, complete and of suitable grade for the intended function and use in accordance with this Agreement" under Section 12.1B(1);

h.    comply with their Warranty that the Equipment and each component thereof shall be "in accordance with all of the requirements of this Agreement, including in accordance with GECP" under Section 12.1B(2); and

i.    comply with their Warranty that the Equipment and each component thereof shall be "free from defects in design, material and workmanship" under Section 12.1B(3).

63.    Plaintiffs have been damaged and are entitled to recover all amounts caused by Defendants' breaches of the EPC Contracts.

64.    In addition, because Defendants' acts and omissions constitute gross negligence, Plaintiffs are entitled to recover their lost profits.

65.    Because of Defendants' breaches, it has been necessary for Plaintiffs to retain the undersigned attorneys to prosecute this claim. Pursuant to Texas Civil Practice & Remedies Code § 38.001, Plaintiffs are entitled to recover its reasonable and necessary attorneys' fees.

## VIII.    REQUEST FOR RELIEF

66.    Plaintiffs respectfully requests that Defendants be cited to appear and answer, and that Plaintiffs be granted judgment including the following relief:

a.    all damages caused by Defendants' breaches of the EPC Contracts;

b.    pre-judgment and post-judgment interest at the highest allowable rate;

c.    costs and reasonable and necessary attorneys' fees; and

d.    all other relief to which Plaintiffs are entitled.

14

Respectfully Submitted,

s/ *Mike Stenglein*
Mike Stenglein
State Bar No. 00791729
mstenglein@kslaw.com
Christopher H. Taylor
State Bar No. 24013606
ctaylor@kslaw.com
KING & SPALDING LLP
500 West 2nd Street, Suite 1800
Austin, Texas 78701
(512) 457-2000 (telephone)

Benjamin T. Jones
bjones@kslaw.com
California Bar No. 274409
Motion for Admission *pro hac vice* forthcoming
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
(415) 318-1200 (telephone)

**ATTORNEYS FOR PLAINTIFFS FLNG
LIQUEFACTION, LLC; FLNG
LIQUEFACTION 2, LLC; AND FLNG
LIQUEFACTION 3, LLC**

15

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Taylor on behalf of Christopher Taylor
Bar No. 24013606
ctaylor@kslaw.com
Envelope ID: 86955386
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 4/23/2024 11:18 AM CST

Associated Case Party: FLNG Liquefaction, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mike Stenglein | | mstenglein@kslaw.com | 4/23/2024 10:57:51 AM | SENT |
| Christopher Harris Taylor | 24013606 | ctaylor@kslaw.com | 4/23/2024 10:57:51 AM | SENT |
| Benjamin Jones | | bjones@kslaw.com | 4/23/2024 10:57:51 AM | SENT |
| Jaden Harris | | jharris@kslaw.com | 4/23/2024 10:57:51 AM | SENT |

C

4/23/2024 12:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 86963708
By: Talitha McCarty
Filed: 4/23/2024 12:43 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2024-26036 _____     **CURRENT COURT:** 133rd Judicial District of Harris County

**Name(s) of Documents to be served:** Plaintiffs' Original Petition_____

**FILE DATE:** _____04/23/2024_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: CB&I Inc. _____

Address of Service: 1999 Bryan Street, Suite 900_____

City, State & Zip: __Dallas, Texas 75201_____

Agent (if applicable) CT Corporation_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☒ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias** (not by E-Issuance) | | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** | ☐ **Highway Commission/Texas Department of Transportation ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____     ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____      **(No Service Copy Fees Charged)**
☐ **CONSTABLE**      *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**      used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**      Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _____ Bar # or ID _____

Mailing Address:_____

Phone Number:_____

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Christopher Taylor on behalf of Christopher Taylor
Bar No. 24013606
ctaylor@kslaw.com
Envelope ID: 86963708
Filing Code Description: Request
Filing Description: Request for Issuance of Citation - CBI Inc.
Status as of 4/23/2024 1:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Harris Taylor | 24013606 | ctaylor@kslaw.com | 4/23/2024 12:43:02 PM | SENT |
| Mike Stenglein | | mstenglein@kslaw.com | 4/23/2024 12:43:02 PM | SENT |
| Benjamin Jones | | bjones@kslaw.com | 4/23/2024 12:43:02 PM | SENT |
| Jaden Harris | | jharris@kslaw.com | 4/23/2024 12:43:02 PM | SENT |

**D**

4/23/2024 12:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 86963708
By: Talitha McCarty
Filed: 4/23/2024 12:43 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2024-26036 _____   **CURRENT COURT:** 133rd Judicial District of Harris County

**Name(s) of Documents to be served:** Plaintiffs' Original Petition _____

**FILE DATE:** _____04/23/2024_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:** Chiyoda International Corporation _____

Address of Service: 1999 Bryan Street, Suite 900_____

City, State & Zip: __Dallas, Texas 75201_____

Agent (if applicable) CT Corporation_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ☒ **Citation**      ☐ **Citation by Posting**      ☐ **Citation by Publication**      ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias      Newspaper**_____
- ☐ **Temporary Restraining Order**      ☐ **Precept**      ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)**      ☐ **Capias** (not by E-Issuance)      ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari**      ☐ **Highway Commission/Texas Department of Transportation ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**      ☐ **Hague Convention ($16.00)**      ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance)      ☐ **Injunction**      ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- ☐ **ATTORNEY PICK-UP (phone)** _____      ☒ **E-Issuance by District Clerk**
- ☐ **MAIL to attorney   at:** _____      **(No Service Copy Fees Charged)**
- ☐ **CONSTABLE**      *Note:* The email registered with EfileTexas.gov must be
- ☐ **CERTIFIED MAIL by CONSTABLE**      used to retrieve the E-issuance Service Documents.
- ☐ **CERTIFIED MAIL by DISTRICT CLERK**      Visit www.hcdistrictclerk.com for more instructions.

- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- ☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _____   Bar # or ID _____

Mailing Address:_____

Phone Number:_____

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Taylor on behalf of Christopher Taylor
Bar No. 24013606
ctaylor@kslaw.com
Envelope ID: 86963708
Filing Code Description: Request
Filing Description: Request for Issuance of Citation - CBI Inc.
Status as of 4/23/2024 1:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Harris Taylor | 24013606 | ctaylor@kslaw.com | 4/23/2024 12:43:02 PM | SENT |
| Mike Stenglein | | mstenglein@kslaw.com | 4/23/2024 12:43:02 PM | SENT |
| Benjamin Jones | | bjones@kslaw.com | 4/23/2024 12:43:02 PM | SENT |
| Jaden Harris | | jharris@kslaw.com | 4/23/2024 12:43:02 PM | SENT |

Copy from re:SearchTX

# E

4/23/2024 12:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 86963708
By: Talitha McCarty
Filed: 4/23/2024 12:43 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2024-26036 _____      **CURRENT COURT:** 133rd Judicial District of Harris County

**Name(s) of Documents to be served:** Plaintiffs' Original Petition_____

**FILE DATE:** _____04/23/2024_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Zachry Industrial, Inc. _____

Address of Service: 1999 Bryan Street, Suite 900_____

City, State & Zip: __Dallas, Texas 75201_____

Agent (if applicable) CT Corporation_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☒ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias** (not by E-Issuance) | | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** | ☐ **Highway Commission/Texas Department of Transportation ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____      ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____      **(No Service Copy Fees Charged)**
☐ **CONSTABLE**
☐ **CERTIFIED MAIL by CONSTABLE**      *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by DISTRICT CLERK**      used to retrieve the E-issuance Service Documents.
      Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _____ Bar # or ID _____

Mailing Address:_____

Phone Number:_____

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Taylor on behalf of Christopher Taylor
Bar No. 24013606
ctaylor@kslaw.com
Envelope ID: 86963708
Filing Code Description: Request
Filing Description: Request for Issuance of Citation - CBI Inc.
Status as of 4/23/2024 1:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Harris Taylor | 24013606 | ctaylor@kslaw.com | 4/23/2024 12:43:02 PM | SENT |
| Mike Stenglein | | mstenglein@kslaw.com | 4/23/2024 12:43:02 PM | SENT |
| Benjamin Jones | | bjones@kslaw.com | 4/23/2024 12:43:02 PM | SENT |
| Jaden Harris | | jharris@kslaw.com | 4/23/2024 12:43:02 PM | SENT |

Copy from re:SearchTX

**F**

5/6/2024 11:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 87408427
By: C Ougrah
Filed: 5/6/2024 11:51 AM

CAUSE NO. 202426036

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1016597

TRACKING NO: 74315894

| | |
|---|---|
| Plaintiff: | In The 133rd |
| FLNG LIQUEFACTION LLC | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| CB&I INC (A TEXAS CORPORATION) | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:**   **CB&I INC (A TEXAS CORPORATION) BY SERVING ITS REGISTERED AGENT C T CORPORATION**
**1999 BRYAN STREET          SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on April 23, 2024 in the above cited cause number and court.  The instrument attached describes the claim against you.

    **YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    This citation was issued on April 23, 2024, under my hand and seal of said court.

Issued at the request of:

STENGLEIN, FRANZ MICHAEL
500 WEST 2ND STREET  SUITE 1800

AUSTIN, TX 78701
512-457-2000
Bar Number: 00791729

*Marilyn Burgess*
Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE     Houston  Texas
77002
(PO Box 4651, Houston, Texas
77210)

Generated By:TALITHA MCCARTY

SERVICE RETURN ATTACHED

**Austin Process LLC**
1100 Nueces
Austin, TX 78701

Copy from re:SearchTX

Tracking Number: 74315894

**CAUSE NUMBER: 202426036**

| | |
|---|---|
| PLAINTIFF: FLNG LIQUEFACTION LLC | In the 133rd |
| vs. | Judicial District Court of |
| DEFENDANT: CB&I INC (A TEXAS CORPORATION) | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____,
20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ___. M. On the _____ day of
_____, 20_____, by

Delivering to _____defendant, in person, a true
copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».
Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of
_____, 20.

Fees $_____

_____
By_____
        Affiant                                              Deputy

On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared. After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20__.

_____
                                                    Notary Public

SERVICE RETURN ATTACHED

**Austin Process LLC**
**1100 Nueces**
**Austin, TX 78701**

Copy from re:SearchTX

## <u>AFFIDAVIT OF SERVICE</u>

**State of Texas**                    **County of Harris**                    **133rd Judicial District Court**

Case Number: 202426036

Plaintiff:
**FLNG Liquefaction, LLC; FLNG Liquefaction 2, LLC; and FLNG Liquefaction 3, LLC**

vs.

Defendant:
**CB&I Inc.; Zachry Industrial, Inc.; and Chiyoda International Corporation**

For:
King & Spalding, LLP (Austin)
500 W. 2nd Street
Ste. 1800
Austin, TX 78701

Received by Anthony Collins on the 24th day of April, 2024 at 10:32 am to be served on **CB&I Inc by serving its Registered Agent, CT Corporation, 1999 Bryan St, Ste 900, Dallas, Dallas County, TX 75201.**

I, Anthony Collins, being duly sworn, depose and say that on the **24th day of April, 2024 at 2:55 pm, I:**

Executed service by hand delivering a true copy of the **Citation and Plaintiff's Original Petition** to: **George Martinez** , an authorized acceptance agent employed by **Registered Agent CT Corporation System, Inc.,** who is authorized to accept service of process for **CB&I Inc** , at the address of: **1999 Bryan St, Ste 900, Dallas, Dallas County, TX 75201**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

_____
**Anthony Collins**
PSC-357 Expires 12/31/2025

Subscribed and Sworn to before me on the 26th day
of April, 2024 by the affiant who is personally known
to me.

_____
NOTARY PUBLIC

**Austin Process LLC**
**1100 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2024003608
Ref: 22850.139001

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r



G

5/6/2024 11:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 87408427
By: C Ougrah
Filed: 5/6/2024 11:51 AM

CAUSE NO. 202426036

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1016597

TRACKING NO: 74315898

| | |
|---|---|
| Plaintiff:<br>FLNG LIQUEFACTION LLC<br>vs.<br>Defendant:<br>CB&I INC (A TEXAS CORPORATION) | In The 133rd<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:** **CHIYODA INTERNATIONAL CORPORATION (A WASHINGTON CORPORATION) BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN STREET          SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on April 23, 2024 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on April 23, 2024, under my hand and seal of said court.

Issued at the request of:

STENGLEIN, FRANZ MICHAEL
500 WEST 2ND STREET   SUITE 1800

AUSTIN, TX 78701
512-457-2000
Bar Number: 00791729



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 CAROLINE    Houston  Texas
77002
(PO Box 4651, Houston, Texas 77210)

Generated By:TALITHA MCCARTY

SERVICE RETURN ATTACHED

Austin Process LLC
1100 Nueces
Austin, TX 78701

Copy from re:SearchTX

Tracking Number: 74315898

CAUSE NUMBER: 202426036

| | |
|---|---|
| PLAINTIFF: FLNG LIQUEFACTION LLC | In the 133rd |
|     vs. | Judicial District Court of |
| DEFENDANT: CB&I INC (A TEXAS CORPORATION) | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M. on the _____ day of _____,
20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ____. M. On the _____ day of
_____, 20_____, by

Delivering to _____defendant, in person, a true
copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».
Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of
_____, 20.

Fees $_____

_____
   By_____
       Affiant                                          Deputy

On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared. After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20__.

_____
                                    Notary Public

SERVICE RETURN ATTACHED

**Austin Process LLC**
**1100 Nueces**
**Austin, TX 78701**

Copy from re:SearchTX

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**                    **133rd Judicial District Court**

Case Number: 202426036

Plaintiff:
**FLNG Liquefaction, LLC; FLNG Liquefaction 2, LLC; and FLNG Liquefaction 3, LLC**

vs.

Defendant:
**CB&I Inc.; Zachry Industrial, Inc.; and Chiyoda International Corporation**

For:
King & Spalding, LLP (Austin)
500 W. 2nd Street
Ste. 1800
Austin, TX 78701

Received by Anthony Collins on the 24th day of April, 2024 at 10:33 am to be served on **Chiyoda International Corporation by serving its Registered Agent, CT Corporation System, 1999 Bryan St, Ste 900, Dallas, Dallas County, TX 75201.**

I, Anthony Collins, being duly sworn, depose and say that on the **24th day of April, 2024 at 2:55 pm, I:**

Executed service by hand delivering a true copy of the **Citation and Plaintiff's Original Petition** to: **George Martinez** , an authorized acceptance agent employed by **Registered Agent CT Corporation System, Inc.,** who is authorized to accept service of process for **Chiyoda International Corporation** , at the address of: **1999 Bryan St, Ste 900, Dallas, Dallas County, TX 75201**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

**Anthony Collins**
PSC-357 Expires 12/31/2025

Subscribed and Sworn to before me on the 26th day of April, 2024 by the affiant who is personally known to me.

NOTARY PUBLIC

**Austin Process LLC**
**1100 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2024003609
Ref: 22850.139001

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

Copy from re:SearchTX



**H**

5/6/2024 11:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 87408427
By: C Ougrah
Filed: 5/6/2024 11:51 AM

CAUSE NO. 202426036

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1016597

TRACKING NO: 74315896

| | |
|---|---|
| Plaintiff: | In The 133rd |
| FLNG LIQUEFACTION LLC | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| CB&I INC (A TEXAS CORPORATION) | Houston, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

**To:   ZACHRY INDUSTRIAL INC (A DELAWARE CORPORATION) BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN STREET         SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on April 23, 2024 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on April 23, 2024, under my hand and seal of said court.

Issued at the request of:

STENGLEIN, FRANZ MICHAEL
500 WEST 2ND STREET   SUITE 1800

AUSTIN, TX 78701
512-457-2000
Bar Number: 00791729



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201  CAROLINE    Houston  Texas
77002
(PO Box  4651,  Houston,  Texas
77210)

Generated By:TALITHA MCCARTY

SERVICE RETURN ATTACHED

**Austin Process LLC**
**1100 Nueces**
**Austin, TX 78701**

Copy from re:SearchTX

Tracking Number: 74315896

CAUSE NUMBER: 202426036

PLAINTIFF: FLNG LIQUEFACTION LLC

    vs.

DEFENDANT: CB&I INC (A TEXAS CORPORATION)

In the 133rd
Judicial District Court of
Harris County, Texas

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____,
20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ___. M. On the _____ day of
_____, 20_____, by

Delivering to _____defendant, in person, a true
copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».
Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of
_____, 20.

Fees $_____

_____
   By_____
       Affiant                                      Deputy

On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared.  After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___.

_____
                                    Notary Public

SERVICE RETURN ATTACHED

Austin Process LLC
1100 Nueces
Austin, TX 78701

Copy from re:SearchTX

## AFFIDAVIT OF SERVICE

**State of Texas**  **County of Harris**  **133rd Judicial District Court**

Case Number: 202426036

Plaintiff:
**FLNG Liquefaction, LLC; FLNG Liquefaction 2, LLC; and FLNG Liquefaction 3, LLC**

vs.

Defendant:
**CB&I Inc.; Zachry Industrial, Inc.; and Chiyoda International Corporation**

For:
King & Spalding, LLP (Austin)
500 W. 2nd Street
Ste. 1800
Austin, TX 78701

Received by Anthony Collins on the 24th day of April, 2024 at 10:34 am to be served on **Zachry Industrial Inc by serving its Registered Agent, CT Corporation System, 1999 Bryan St, Ste 900, Dallas, Dallas County, TX 75201.**

I, Anthony Collins, being duly sworn, depose and say that on the **24th day of April, 2024 at 2:55 pm, I:**

Executed service by hand delivering a true copy of the **Citation and Plaintiff's Original Petition** to: **George Martinez**, an authorized acceptance agent employed by **Registered Agent CT Corporation System, Inc.,** who is authorized to accept service of process for **Zachry Industrial Inc**, at the address of: **1999 Bryan St, Ste 900, Dallas, Dallas County, TX 75201**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

_____
**Anthony Collins**
PSC-357 Expires 12/31/2025

Subscribed and Sworn to before me on the 26th day of April, 2024 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**Austin Process LLC**
**1100 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2024003610
Ref: 22850.139001

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r



I

5/15/2024 3:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 87782338
By: C Ougrah
Filed: 5/15/2024 3:32 PM



May 14, 2024

**Via Email**

CB&I Inc.
Kathleen Brien, Counsel for CB&I, Inc.
Kathleen.Brien@mcdermott.com

Zachry Industrial, Inc.
Jeffrie Lewis, Counsel for Zachry Industrial, Inc.
lewisjx@zachrygroup.com

Chiyoda International Corp.
Karan Ciotti, Counsel for Chiyoda International Corp.
karan@ciottilaw.com

> Re: *FLNG Liquefaction, LLC, et al. v. CB&I Inc., et al.*, Cause No. 2024-26036 in the District Court of the 133rd Judicial District of Harris County, Texas
>
> Rule 11 Agreement Regarding Extension of Answer Deadline

Dear Counsel for Defendants:

Pursuant to Rule 11 of the Texas Rule of Civil Procedure, this letter serves to confirm the parties' agreement to extend the answer deadline of Defendants. The parties have agreed that the deadline for Defendants CB&I Inc.; Zachry Industrial, Inc.; and Chiyoda International Corporation to file an answer in the above referenced matter shall be extended to October 31, 2024.

Please sign and return this Rule 11 agreement to acknowledge that I have accurately memorialized the parties' agreement on this matter. If I have misstated the parties' agreement in any respect, please contact me.

Very truly yours,

**Shaw Ottis** Digitally signed by Shaw Ottis
Date: 2024.05.14 17:42:39 -05'00'

Shaw Ottis
*SVP, General Counsel & Secretary for Plaintiffs*

---

**Freeport LNG Expansion, L.P.**
333 Clay Street, Suite 5050 • Houston, Texas 77002-4173
Phone: 713-980-2888•Fax: 713-980-2903

Copy from re:SearchTX



_Counsel for CB&I Inc._

_Counsel for Zachry Industrial, Inc._

_Counsel for Chiyoda International Corp._

_[Signature Page for Rule 11 Agreement Regarding Extension of Answer Deadline]_

**Freeport LNG Expansion, L.P.**
333 Clay Street, Suite 5050 • Houston, Texas 77002-4173
Phone: 713-980-2888•Fax: 713-980-2903

Copy from re:SearchTX

J

6/14/2024 3:11 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88832039
By: EVELYN PALMER
Filed: 6/14/2024 3:11 PM

**Cause No. 2024-26036**

| | | |
|---|---|---|
| **FLNG LIQUEFACTION, LLC; FLNG** | § | **IN THE DISTRICT COURT** |
| **LIQUEFACTION 2, LLC; AND FLNG** | § | |
| **LIQUEFACTION 3, LLC** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **133RD JUDICIAL DISTRICT** |
| | § | |
| **CB&I INC.; ZACHRY INDUSTRIAL,** | § | |
| **INC.; AND CHIYODA** | § | |
| **INTERNATIONAL CORPORATION** | § | |
| | § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

### NOTICE OF SUGGESTION OF BANKRUPTCY
### AND AUTOMATIC STAY OF PROCEEDINGS

**PLEASE TAKE NOTICE** that on May 21, 2024 (the "**Petition Date**"), Zachry Holdings, Inc., and its debtor affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532, *et seq*. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). A copy of the voluntary petition of the lead Debtor, Zachry Holdings, Inc., is attached hereto as **Exhibit A**. The Debtors' chapter 11 cases (the "**Chapter 11 Cases**") are pending before the Honorable Marvin Isgur, United States Bankruptcy Judge, and are being jointly administered under the caption *Zachry Holdings, Inc.*, Case No. 24-90377.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are authorized to continue to operate their business properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Copy from re:SearchTX

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions automatically "operates as a stay, applicable to all entities, of—"

>	the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

Copy from re:SearchTX

11 U.S.C. § 362(a)(1)–(8) (enumerating the categories of actions automatically stayed upon filing a chapter 11 petition) (the "**Automatic Stay**").[1]  No order has been sought or entered in the Chapter 11 Cases granting any relief to any party from the Automatic Stay.

      **PLEASE TAKE FURTHER NOTICE** that any action taken against the Debtors without obtaining from the Bankruptcy Court relief from the Automatic Stay may be void *ab initio* and may be subject to findings of contempt and the assessment of penalties and fines for violation of the Automatic Stay.  Any party wishing to take action against the Debtors should contact the Debtors' counsel before taking any action in the above-captioned proceeding to ensure that such action does not constitute a violation of the Automatic Stay.  The Debtors reserve and retain all rights to seek relief in the Bankruptcy Court from any judgment, order, or ruling entered in violation of the Automatic Stay and to seek entry of an order of the Bankruptcy Court enforcing the Automatic Stay against any person that has taken any action in violation of the Automatic Stay.

      **PLEASE TAKE FURTHER NOTICE** that additional information regarding the status of the Chapter 11 Cases may be obtained by reviewing the docket of the Chapter 11 Cases, available electronically at https://ecf.txsd.uscourts.gov (PACER login and password required) or free of charge via the website maintained by the Debtors' proposed claims and noticing agent, Kurtzman Carson Consultants LLC, at https://www.kccllc.net/zhi.

---

[1]    Nothing herein shall constitute a waiver of the Debtors' rights to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims against any party to the above-captioned case.

Copy from re:SearchTX

Dated: June 14, 2024

Respectfully submitted,

/s/ *Jeffrie B. Lewis*
**Assistant General Counsel**
**Zachry Industrial, Inc.**
**527 Logwood Ave.**
**San Antonio, TX 78221**
**(210) 288 - 5717**
**lewisjx@zachrygroup.com**

## Certificate of Service

I, Jeffrie B. Lewis, certify that on June 14, 2024, I caused to be served, via e-file notification and first class mail a true and correct copy of the foregoing *Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings*, on all known counsel of record in accordance with the Texas Rules of Civil Procedure.

Part(ies) receiving service:

Mike Stenglein
State Bar No. 00791729
mstenglein@kslaw.com
Christopher H. Taylor
State Bar No. 24013606
ctaylor@kslaw.com
KING & SPALDING LLP
500 West 2nd Street, Suite 1800
Austin, Texas 78701
(512) 457-2000 (telephone)

Benjamin T. Jones
bjones@kslaw.com
California Bar No. 274409
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
(415) 318-1200 (telephone)

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

FAITH GINGRICH on behalf of Jeffrie Lewis
Bar No. 24071785
gingrichfa@zachrygroup.com
Envelope ID: 88832039
Filing Code Description: Notice
Filing Description: Notice
Status as of 6/14/2024 3:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Harris Taylor | 24013606 | ctaylor@kslaw.com | 6/14/2024 3:11:13 PM | SENT |
| Mike Stenglein | | mstenglein@kslaw.com | 6/14/2024 3:11:13 PM | SENT |
| Benjamin Jones | | bjones@kslaw.com | 6/14/2024 3:11:13 PM | SENT |
| Jaden Harris | | jharris@kslaw.com | 6/14/2024 3:11:13 PM | SENT |

**Exhibit A**

**Voluntary Petition of Zachry Holdings, Inc.**
**Under Chapter of the Bankruptcy Code**

Copy from re:SearchTX

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas
_____ (State)

Case number *(if known):* _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Zachry Holdings, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | _____ |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 2 6 – 1 2 5 6 8 1 4 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 527    Logwood Avenue | Number    Street |
| Number    Street | P.O. Box 240130 |
| | P.O. Box |
| San Antonio    TX    78221 | San Antonio    TX    78224 |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Bexar County | |
| County | Number    Street |
| | City    State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://zachrygroup.com |

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 1

Copy from re:SearchTX

| Debtor | Zachry Holdings, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2 3 7 9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Copy from re:SearchTX

Debtor    Zachry Holdings, Inc.           Case number *(if known)* _____

Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes.   District _____   When _____   Case number _____

                                 MM / DD / YYYY

           District _____   When _____   Case number _____

                                 MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes.   Debtor   See Schedule 1             Relationship   Affiliate _____

          District   Southern District of Texas        When _____

                                                 MM / DD / YYYY

          Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

        **Why does the property need immediate attention?** *(Check all that apply.)*

        ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

           What is the hazard? _____

        ☐ It needs to be physically secured or protected from the weather.

        ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

        ☐ Other _____

        **Where is the property?** _____

                     Number       Street

                _____

                _____       _____

                City                                State ZIP Code

        **Is the property insured?**

        ☐ No

        ☐ Yes. Insurance agency _____

           Contact name _____

           Phone        _____

---

**Statistical and administrative information**

---

Copy from re:SearchTX

| Debtor | Zachry Holdings, Inc. | Case number (if known) _____ |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☑ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets (on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   5/21/2024
                MM / DD / YYYY

✖ /s/ James R. Old
Signature of authorized representative of debtor

James R. Old
Printed name

Title   General Counsel

---

Copy from re:SearchTX

| Debtor | Zachry Holdings, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ /s/ Charles R. Koster

Signature of attorney for debtor

Date  5/21/2024

MM / DD / YYYY

Charles R. Koster

Printed name

White & Case LLP

Firm name

609          Main Street, Suite 2900

Number          Street

Houston                                          Texas          77002-4403

City                                                    State          ZIP Code

(713) 496-9700                                    charles.koster@whitecase.com

Contact phone                                      Email address

24128278                                          Texas

Bar number                                         State

Copy from re:SearchTX

## Schedule 1

### Affiliated Entities

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Zachry Holdings, Inc.

| | Debtor | Corporate ID No. |
|---|---|---|
| 1. | Zachry Holdings, Inc. | 26-1256814 |
| 2. | Zachry EPC Holdings, LLC | 20-2340077 |
| 3. | Zachry Engineering Corporation | 20-3603134 |
| 4. | Zachry High Voltage Solutions, LLC | 20-5791090 |
| 5. | ZEC New York, Inc. | 31-0825897 |
| 6. | UE Properties, Inc. | 75-2052226 |
| 7. | ZEC Michigan, Inc. | 20-0404627 |
| 8. | Zachry Industrial, Inc. | 74-2887583 |
| 9. | Zachry Constructors, LLC | 85-3449094 |
| 10. | Moss Point Properties, LLC | 46-0851616 |
| 11. | Zachry Enterprise Solutions, LLC | 85-3532706 |
| 12. | Zachry Nuclear, Inc. | 26-3117807 |
| 13. | Zachry Nuclear Construction, Inc. | 26-3383241 |
| 14. | Zachry Nuclear Engineering, Inc. | 06-1067568 |
| 15. | Computer Simulation & Analysis, Inc. | 82-0424097 |
| 16. | Zachry Plant Services Holdings, Inc. | 46-0901383 |
| 17. | JVIC Fabrication, LLC | 85-3659726 |
| 18. | Zachry Industrial Americas, Inc. | 27-1310902 |
| 19. | Zachry Maintenance Services, LLC | 85-3519005 |
| 20. | J.V. Industrial Companies, LLC | 76-0660821 |
| 21. | Madison Industrial Services Team, LLC | 20-0696261 |

Copy from re:SearchTX

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ZACHRY HOLDINGS, INC., *et al.*[1] | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
## FED. BANKR. P. 1007(A)(1), 1007(A)(3), AND 7007.1

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as Exhibit A is an organizational list reflecting all of the ownership interests in the above-captioned debtor and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"). The Debtors respectfully represent as follows:

1. The equity of each of the Debtors identified on **Exhibit A** is 100% owned by the entity identified as the equity holder thereof on **Exhibit A**.

2. Zachry Holdings, Inc. is the direct or indirect parent of each of the other Debtors and its equity securities are wholly owned by non-debtor Zachry, LLC.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Zachry Holdings, Inc. (6814); Zachry EPC Holdings, LLC (0077); Zachry Engineering Corporation (3134); Zachry High Voltage Solutions, LLC (1090); ZEC New York, Inc. (5897); UE Properties, Inc. (2226); ZEC Michigan, Inc. (4627); Zachry Industrial, Inc. (7583); Zachry Constructors, LLC (9094); Moss Point Properties, LLC (1616); Zachry Enterprise Solutions, LLC (2706); Zachry Nuclear, Inc. (7807); Zachry Nuclear Construction, Inc. (3241); Zachry Nuclear Engineering, Inc. (7568); Computer Simulation & Analysis, Inc. (4097); Zachry Plant Services Holdings, Inc. (1383); JVIC Fabrication, LLC (9726); Zachry Industrial Americas, Inc. (0902); Zachry Maintenance Services, LLC (19005); J.V. Industrial Companies, LLC (0821); Madison Industrial Services Team, LLC (6261). The location of the debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224.

Copy from re:SearchTX

## Exhibit A

| | Entity | Equity Holder | % Ownership | Last Known Address of Equity Holder |
|---|---|---|---|---|
| 1. | Zachry Holdings, Inc. | Zachry, LLC | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 2. | Zachry EPC Holdings, LLC | Zachry Holdings, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 3. | Zachry Engineering Corporation | Zachry EPC Holdings, LLC | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 4. | Zachry High Voltage Solutions, LLC | Zachry Engineering Corporation | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 5. | ZEC New York, Inc. | Zachry Engineering Corporation | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 6. | UE Properties, Inc. | Zachry Engineering Corporation | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 7. | ZEC Michigan, Inc. | Zachry Engineering Corporation | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 8. | Zachry Industrial, Inc. | Zachry EPC Holdings, LLC | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 9. | Zachry Construction, LLC | Zachry Industrial, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 10. | Moss Point Properties, LLC | Zachry Industrial, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 11. | Zachry Enterprise Solutions, LLC | Zachry Holdings, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 12. | Zachry Nuclear, Inc. | Zachry Holdings, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 13. | Zachry Nuclear Corporation, Inc. | Zachry Nuclear, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 14. | Zachry Nuclear Engineering, Inc. | Zachry Nuclear, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 15. | Zachry Computer Simulation & Analysis, Inc. | Zachry Nuclear Engineering, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 16. | Zachry Plant Services Holdings, Inc. | Zachry Holdings, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 17. | JVIC Fabrication, LLC | Zachry Plant Services Holdings, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 18. | Zachry Industrial Americas, Inc. | JVIC Fabrication, LLC | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 19. | Zachry Maintenance Services, LLC | Zachry Plant Services Holdings, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 20. | J.V. Industrial Companies, LLC | Zachry Plant Services Holdings, Inc. | 100% | 527 Logwood Avenue, San Antonio, Texas 78221 |
| 21. | Madison Industrial Services Team, LLC | J.V. Industrial Companies, LLC | 100% | 3741 Red Bluff Road, Pasadena, Texas 77503 |

Copy from re:SearchTX

Copy from re:SearchTX

**Fill in this information to identify the case:**

Debtor name ___Zachry Holdings, Inc.___

United States Bankruptcy Court for the: ___Southern___ District of ___Texas___
                                                                    (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SUNBELT RENTALS, INC. 1799 Innovation Pt, Fort Mill, SC 29715 | Michael Christian, michael.christian@sunbeltrentals.com, (803) 578-9413 | Trade | CUD | | | $133,310,610 |
| 2 | D REYNOLDS COMPANY, LLC 2680 Sylvania Cross Dr, Fort Worth, TX 76137 | Scott George, sageorge@reynco.com, (210) 862-1148 | Trade | CUD | | | $17,576,934 |
| 3 | BO-MAC CONTRACTORS LTD 1020 Lindbergh Drive Beaumont, TX, 77707 | Dan Brown danbrown@bo-mac.com (409) 842-2125 | Trade | CUD | | | $15,608,639 |
| 4 | BIGGE CRANE AND RIGGING CO. 2400 Maury Street, Richmond, VA 23224 | Eric Jones, ejones@bigge.com, (804) 271-9356 | Trade | CUD | | | $14,746,479 |
| 5 | RUSH RESOURCES, LLC 2781 County Road 639 Buna, TX, 77612 | John Rush Jr., jrush@rushllc.com, (409) 781-5911 | Trade | CUD | | | $12,566,163 |
| 6 | MAMMOET USA, INC. 20525 FM 521. Rosharon, TX 77583 | Mike Hamic, mike.hamic@mammoet.com, (281) 369-2200 | Trade | CUD | | | $10,836,424 |
| 7 | TECON SERVICES, INC. 515 Garden Oaks Blvd. Houston, TX 77018 | Cynthia Jaime, cjaime@teconservices.com, (713) 691-2700 | Trade | CUD | | | $10,125,679 |
| 8 | GULFSPAN INDUSTRIAL, LLC 600 N Shepherd Dr, Suite 300, Houston, TX 77007 | Luis Gallardo, lgallardo@gulfspan.net, (409) 673-0800 | Trade | CUD | | | $7,997,804 |

| Debtor | Zachry Holdings, Inc. | Case number (if known) |
|--------|----------------------|------------------------|
| | Name | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim: If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | SABER POWER SERVICES, LLC 9841 Saber Power Lane, Rosharon, TX 77583 | Jared Penney, jpenney@saberpower.com, (713) 222-9102 | Trade | CUD | | | $5,854,479 |
| 10 | MMR CONSTRUCTORS, INC. 15961 Airline Hwy. Baton Rouge, LA 70817 | John Cloutre, jclouatre@mmrgrp.com, (225) 756-5090 | Trade | CUD | | | $5,709,681 |
| 11 | INSULATIONS, INC. 880 W. Commerce Rd, Suite 104, Harahan, LA 70123 | Debbie Koper, dkoper@insulationsinc.com, (504) 733-5033 | Trade | CUD | | | $4,879,234 |
| 12 | ISC CONSTRUCTORS, LLC 20480 Highland Road, Baton Rouge, LA 70817 | Mario Rispone, mrispone@iscgrp.com, (225) 756-7585 | Trade | CUD | | | $4,809,862 |
| 13 | INNOVATIVE HEAT TREATMENT SOLUTIONS 11318 Hirsch Rd, Houston, TX 77016 | Juan Solitaire, j.solitaire@ihtsinc.com, (346) 207-8081 | Trade | CUD | | | $4,622,399 |
| 14 | HOTARD COACHES, INC. 2838 Touro Street, New Orleans, LA 70122 | Callen Hotard, callen@hotard.com, (504) 944-8660 | Trade | CUD | | | $4,607,991 |
| 15 | SYSTEM ONE HOLDINGS, LLC 210 Sixth Avenue Suite 3100, Pittsburgh, PA 15222 | Carla Snell, carla.snell@systemone.com, (717) 701-9240 | Trade | CUD | | | $4,529,021 |
| 16 | PK INDUSTRIAL, LLC 10811 E. Harry St, Wichita, KS 67207 | Landon Riggs, lriggs@pksti.com, (855) 759-2800 | Trade | CUD | | | $4,346,948 |
| 17 | CAJUN INDUSTRIES LLC 1020 Lindbergh Drive, Beaumont, TX, 77707 | William J Clouatre williamc@cajunusa.com (225) 753-5857 | Trade | CUD | | | $4,267,647 |
| 18 | CALCAM LOGISTICS & CONTRACTING, LLC 3010 Spurlock Rd., Nederland, TX 77627 | Lennie Stephens, lennie@calcam.net, (601) 270-4965 | Trade | CUD | | | $3,915,946 |
| 19 | ANALYTIC STRESS RELIEVING, INC. 3118 W Pinhook Rd #202, Lafayette, LA 70508 | Bryan Willis, bryan.willis@analyticstress.com, (281) 471-9600 | Trade | CUD | | | $3,674,321 |
| 20 | COMMONWEALTH ELECTRIC COMPANY OF THE MIDWEST 3910 South Street, Lincoln, NE 68506 | Scott Lamoreux, slamoreux@commonwealthelectric.com, (402) 514-2646 | Trade | CUD | | | $3,628,994 |

Copy from re:SearchTX

Debtor    Zachry Holdings, Inc.                       Case number *(if known)*_____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 FERGUSON ENTERPRISES, INC. 751 Lakefront Commons, Newport News, VA, 23606 | Chris Fadden, chris.fadden@ferguson.com, (330) 931-7078 | Trade | CUD | | | $3,537,084 |
| 22 THOMPSON CONSTRUCTION GROUP, INC. 100 North Main Street, Sumter, SC 29150 | Hal Turner, hturner@thompsonind.com, (803) 972-1011 | Trade | CUD | | | $3,459,913 |
| 23 P&I SUPPLY CO. 2220 N Fares Avenue, Evansville, IN 47711 | Bruce Stallings, bstallings@pisupply.com, (812) 894-4531 | Trade | CUD | | | $3,219,621 |
| 24 THOMPSON CONSTRUCTION GROUP, INC. 100 North Main Street, Sumter, SC 29150 | Hal Turner, hturner@thompsonind.com, (803) 972-1011 | Trade | CUD | | | $3,049,882 |
| 25 TRADESMEN INTERNATIONAL, LLC 9760 Shepard Road, Macedonia, OH 44056 | Dan Bennet, daniel.bennet@tradesmeninternational.com, (352) 246-4756 | Trade | CUD | | | $2,908,191 |
| 26 SUN COAST RESOURCES LLC 6405 Calvalcade St., Houston, TX 77026 | Brian Robinson, legal@suncoastresources.com, (800) 231-7584 | Trade | CUD | | | $2,723,957 |
| 27 BAKER HUGHES HOLDINGS 17021 Aldine Westfield Rd., Houson, TX 77073 | Randy Coghlin, randy.coghlin@bakerhughes.com, (713) 906-8407 | Trade | CUD | | | $2,645,419 |
| 28 NES COMPANIES LP. PO Box 205572, Dallas TX, 75320-5572 | Kimberly Tran kimberly.tran@nesgt.com (346) 320-0709 | Trade | CUD | | | $2,610,909 |
| 29 REDWINE ENTERPRISES INC 2114 LEE STREET NEDERLAND, TX, 77627 | Pat Redwine tredwinde@gt.rr.com (409)722-8373 | Trade | CUD | | | $2,564,492 |
| 30 PORT ARTHUR TECHNICAL SERVICES 2901 Turtle Creek Dr., Port Arthur, TX 77642 | Reynald Reyes, reynald.reyes@pa-ts.com, (587) 779-3201 | Trade | CUD | | | $2,515,695 |

Copy from re:SearchTX

## OMNIBUS RESOLUTIONS OF THE
## BOARDS OF DIRECTORS, SOLE SHAREHOLDERS, AND SOLE MEMBERS

### May 20, 2024

After due deliberation, (i) the members of the board of directors of Zachry Holdings, Inc. (the "**Company**") and (ii) the undersigned, being the sole shareholder or the sole member, as the case may be, of each of the companies set forth on **Annex A** attached hereto (collectively, the "**Companies**," and the governing body of each Company, each a "**Governing Body**"), do hereby consent to, adopt, and approve the following resolutions pursuant to the certification of incorporation or similar document (in each case, as amended or amended and restated to date) of each Company, as applicable, and the laws of the state of formation of each Company as set forth next to each Company's name on **Annex A**:

**Chapter 11 Filing**

**WHEREAS**, each Governing Body has reviewed and considered (a) the presentations by each Company's management and financial and legal advisors regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the impact of the foregoing on each Company's businesses, (b) the information and advice previously provided to and reviewed by each Governing Body, and (c) the related matters reported on at the meeting of each Governing Body;

**WHEREAS**, in connection therewith, the Company seeks to appoint Mr. Mohsin Meghji as Chief Restructuring Officer of the Company upon the filing of the Chapter 11 Cases (as defined below);

**WHEREAS**, each Governing Body has had the opportunity to consult with each of the Companies' management and financial and legal advisors and fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, based on their review of all available alternatives and advice provided by such financial and legal advisors, each Governing Body deems it advisable and in the best interest of each of the Companies, their creditors, employees, and other stakeholders to take the actions specified in the following resolutions.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest to file, or cause to be filed, voluntary petitions for relief (the "**Chapter 11 Cases**") under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and to take any and all actions, that they deem necessary or appropriate.

**RESOLVED**, that the officers of each Company and Mr. Mohsin Meghji (each, an "**Authorized Signatory**" and collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed, together with the Companies' advisors, to execute and file on behalf of each Company all petitions, schedules, lists and other motions, applications, pleadings, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's businesses and in connection with the Chapter 11 Cases, with a view to the successful prosecution of the cases.

Copy from re:SearchTX

## Retention of Professionals

**RESOLVED**, that Mr. Mohsin Meghji shall serve as Chief Restructuring Officer of the Company immediately after the filing of the Chapter 11 Cases and shall have the powers and duties as set forth in an engagement letter, the material terms of which have been described to the Governing Bodies, for the term set forth in such letter or, if earlier, until his earlier resignation or removal.

**RESOLVED**, that Mr. Mohsin Meghji will receive the benefit of the most favorable indemnification provisions provided by the Company to its directors, officers, and any equivalently placed employees, whether under the Company's charter or by-laws, by contract or otherwise and such indemnification obligation shall be primary to, and without allocation against, any similar indemnification obligations that M3 Advisory Partners, LP ("**M3**") may offer to its personnel generally.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of White & Case LLP ("**W&C**") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of W&C in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Susman Godfrey L.L.P. ("**Susman**") as special litigation counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Susman in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Hicks Thomas, LLP ("**Hicks Thomas**") as special litigation counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Hicks Thomas in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of M3 as financial advisor to each Company to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of M3 in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("**KCC**") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate

2

Copy from re:SearchTX

retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of KCC in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals, including legal counsel, accountants, financial advisors, investment bankers, and other professionals, to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## General

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and empowered, on behalf of and in the name of the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions.

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body.

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Signatories to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

3

Copy from re:SearchTX

**Secretary's Certificate**

The undersigned, being duly elected as General Counsel and Corporate Secretary of Zachry Holdings, Inc. ("**ZHI**"), a Delaware corporation, hereby certifies that (i) the attached resolutions are true and correct copies of the resolutions adopted by the Board of Directors of ZHI on behalf of ZHI at a meeting of the Board of Directors held on May 20, 2024; and (ii) these resolutions have not been amended and or modified or superseded in any way as of the date of this Certificate.

IN WITNESS WHEREOF, I have set my hand this 20th day of May, 2024.

By: _____

James R. Old
General Counsel and Corporate Secretary

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**ZACHRY HOLDINGS, INC., THE SOLE MEMBER OF:**

**ZACHRY EPC HOLDINGS, LLC**
**ZACHRY ENTERPRISE SOLUTIONS, LLC**

By: _____
James R. Old
General Counsel and Corporate Secretary

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**ZACHRY HOLDINGS, INC., THE SOLE SHAREHOLDER OF:**

**ZACHRY NUCLEAR, INC.**
**ZACHRY PLANT SERVICES HOLDINGS, INC.**

By: _____

James R. Old
General Counsel and Corporate Secretary

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**ZACHRY PLANT SERVICES HOLDINGS, INC., THE SOLE MEMBER OF:**

**J.V. INDUSTRIAL COMPANIES, LLC**
**ZACHRY MAINTENANCE SERVICES, LLC**
**JVIC FABRICATION, LLC**

By: _____
James R. Old
General Counsel

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**ZACHRY NUCLEAR, INC., THE SOLE SHAREHOLDER OF:**

**ZACHRY NUCLEAR CONSTRUCTION, INC.**
**ZACHRY NUCLEAR ENGINEERING, INC.**

By: _____
James R. Old
General Counsel

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**ZACHRY EPC HOLDINGS, LLC, THE SOLE SHAREHOLDER OF:**

**ZACHRY ENGINEERING CORPORATION**
**ZACHRY INDUSTRIAL, INC.**

By: _____
James R. Old
General Counsel

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**ZACHRY ENGINEERING CORPORATION, THE SOLE MEMBER OF:**

**ZACHRY HIGH VOLTAGE SOLUTIONS, LLC**

By: _____

James R. Old
General Counsel

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**ZACHRY ENGINEERING CORPORATION, THE SOLE SHAREHOLDER OF:**

**ZEC NEW YORK, INC.**
**UE PROPERTIES, INC.**
**ZEC MICHIGAN, INC.**

By: _____

James R. Old
General Counsel

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**ZACHRY INDUSTRIAL, INC., THE SOLE MEMBER OF:**

**ZACHRY CONSTRUCTORS, LLC**
**MOSS POINT PROPERTIES, LLC**

By: _____
James R. Old
General Counsel

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**ZACHRY NUCLEAR ENGINEERING, INC., THE SOLE SHAREHOLDER OF:**

**COMPUTER SIMULATION & ANALYSIS, INC.**

By: _____

James R. Old
General Counsel

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

JVIC FABRICATION, LLC, THE SOLE SHAREHOLDER OF:

ZACHRY INDUSTRIAL AMERICAS, INC.

By: _____
James R. Old
General Counsel

Copy from re:SearchTX

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**J.V. INDUSTRIAL COMPANIES, LLC, THE SOLE MEMBER OF:**

**MADISON INDUSTRIAL SERVICES TEAM, LLC**

By: _____

James R. Old

General Counsel

Copy from re:SearchTX

**Annex A**

**Companies**

| Name of Company | Jurisdiction of Incorporation |
|---|---|
| Zachry Holdings, Inc. | Delaware |
| Zachry EPC Holdings, LLC | Texas |
| Zachry Engineering Corporation | Delaware |
| Zachry High Voltage Solutions, LLC | Texas |
| ZEC New York, Inc. | New York |
| UE Properties, Inc. | Texas |
| ZEC Michigan, Inc. | Michigan |
| Zachry Industrial, Inc. | Texas |
| Zachry Constructors, LLC | Texas |
| Moss Point Properties, LLC | Texas |
| Zachry Enterprise Solutions, LLC | Texas |
| Zachry Nuclear, Inc. | Delaware |
| Zachry Nuclear Construction, Inc. | Delaware |
| Zachry Nuclear Engineering, Inc. | Delaware |
| Computer Simulation & Analysis, Inc. | Idaho |
| Zachry Plant Services Holdings, Inc. | Texas |
| JVIC Fabrication, LLC | Texas |
| Zachry Industrial Americas, Inc. | Delaware |
| Zachry Maintenance Services, LLC | Texas |
| J.V. Industrial Companies, LLC | Texas |
| Madison Industrial Services Team, LLC | Texas |

Copy from re:SearchTX

**Fill in this information to identify the case and this filing:**

Debtor Name    Zachry Holdings, Inc.

United States Bankruptcy Court for the:   Southern    District of   Texas
                                                       (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑   Other document that requires a declaration   Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   5/21/2024      ✘ /s/ James R. Old
             MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                       James R. Old
                                       Printed name

                                       General Counsel
                                       Position or relationship to debtor

Copy from re:SearchTX