United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 27, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-90377** |
| **ZACHRY HOLDINGS, INC.,** *et al.*, | § | |
| | § | **CHAPTER 11** |
| | § | |
| Debtors. | § | |
| | § | |
| **FLNG LIQUEFACTION LLC,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3195** |
| | § | |
| **CB&I INC,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION

FLNG Liquefaction, LLC, FLNG Liquefaction 2, LLC, and FLNG Liquefaction 3, LLC (collectively "FLNG") commenced this adversary proceeding against CB&I Inc., Zachry Industrial, Inc., and Chiyoda International Corporation (collectively "Contractors") seeking damages arising from the alleged breach of engineering, procurement, and construction contracts ("EPC contracts"). The contracts concerned the construction of a natural gas liquefaction and liquified natural gas export facility on Quintana Island near Freeport, Texas. FLNG discovered assembly defects in three 75 MW motors after one motor tripped offline.

Zachry's motion for summary judgment seeks to establish that FLNG's claim is barred by the statute of limitations. FLNG asserts that the discovery rule delays accrual of the limitations period.

Zachry's motion for summary judgment is denied.

## BACKGROUND

### I. FACTUAL BACKGROUND

FLNG operates an electric-powered liquified natural gas facility near Freeport, Texas.  ECF No. 90 at 1.  The facility has three natural gas liquefaction units, known as Train 1, Train 2, and Train 3.  ECF No. 90 at 1.  Each train uses three General Electric 75 MW motors.  ECF No. 90 at 1.  GE designed and manufactured the motors offsite.

Between 2013–2015, FLNG hired the Contractors to oversee the assembly and the installation of the GE motors.  ECF No. 90 at 3.  The Contractors completed their contractual obligations in 2020.  ECF No. 95 at 3.  Trains 1–3 began commercial operations in 2019–2020.  FLNG hired Baker Hughes, formerly GE Oil & Gas, Inc., to maintain and inspect the motors.  ECF No. 95-1 at 2.

On January 17, 2024, a Train 3 motor tripped offline.  ECF No. 60 at 10.  Investigations determined that defective assembly in the non-accessible portion of the motor caused the motor failure.  ECF No. 95 at 3.  FLNG found similar defects in Train 2.  Trains 1 and 2 were taken offline.

### II. Procedural Background

On April 23, 2024, FLNG filed a lawsuit against the Contractors in Texas District Court seeking damages arising out of the motor defects.  ECF No. 1-2 at 12.

On May 21, 2024, various Zachry affiliated entities filed for bankruptcy under chapter 11 in this Court. ECF No. 1-2 at 3.

On July 31, 2024, Zachry removed the lawsuit to this Court.  ECF No. 1-2 at 1.

On October 18, 2024, Zachry filed a motion to dismiss FLNG's claim for consequential damages and lost profits.  ECF No. 39.

On November 18, 2024, the Court held a hearing on the motion to dismiss.  ECF No. 48.  The Court took the matter under advisement and set a status conference for November 25, 2024.  On that date, the Court dismissed FLNG's claim for consequential damages and granted FLNG leave to re-plead on the narrow grounds of gross negligence.

On December 3, 2024, FLNG filed its first amended complaint.  ECF No. 60.  On December 4, 2024, Zachry filed its supplemental brief in support of the motion to dismiss FLNG's claim for consequential damages.  ECF No. 61.

On December 9, 2024, the Court held a hearing on the amended complaint.  ECF No. 66.  On December 13, 2024, the Court announced its oral ruling dismissing FLNG's claim for consequential damages with prejudice for failing to state a claim for gross negligence.  ECF No. 70.

On January 23, 2025, Zachry filed its Motion for Summary Judgment asserting a Texas statute of limitations defense.  ECF No. 90.  CB&I and Chiyoda filed joinders to Zachry's summary judgment motion.  ECF Nos. 94, 95.  On February 12, 2025, FLNG filed its Response to the Motion for Summary Judgment.  ECF No. 95.  On February 17, 2025, Zachry filed its Reply.  ECF No. 104.

On February 19, 2025, the Court held a hearing on the summary judgment motion.  The Court took the matter under advisement on the same date.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a).  Venue is proper in this District pursuant to 28 U.S.C. § 1409.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact means that evidence is such that a reasonable fact finder "could return a verdict for the nonmoving party." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). It is the movant's burden to establish that no genuine issue of material fact exists. *Sossamon v. Lone Star State*, 560 F.3d 316, 326 (5th Cir. 2009) (citing *Condrey v. SunTrust Bank,* 429 F.3d 556, 562 (5th Cir. 2005)). A party asserting that a fact cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support that fact. FED. R. CIV. P. 56(c)(1). If the movant establishes "the absence of evidence supporting an essential element of the non-movant's case," the burden shifts to the non-movant to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326 (citing *Condrey*, 429 F.3d at 562).

In ruling on a motion for summary judgment, a court should view the facts and evidence in light most favorable to the non-moving party. *Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014). Nevertheless, the court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Env't. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015). The Court need only consider the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Aubrey v. Sch. Bd. of Lafayette Par.*, 92 F.3d 316, 318 (5th Cir. 1996). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

## DISCUSSION

Zachry's motion for summary judgment seeks to establish that FLNG's breach of contract claim is barred by the Texas statute of limitations. Under Texas law, a breach of contract claim is subject to a four-year statute of limitations and accrues at the moment the contract is breached. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). Zachry alleges that FLNG's claim accrued more than four years before it filed suit on April 23, 2024. ECF No. 90 at 7.

In its Response, FLNG seeks application of the discovery rule to defer the accrual of the limitations period until January 17, 2024, when the Train 3 motor tripped offline. ECF No. 95 at 8. Under Texas law, the discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *Brandau v. Howmedica Osteonics Corp.*, 439 F. App'x 317, 319 (5th Cir. 2011).

Although Zachry agrees with that standard, it principally argues that the discovery rule does not apply to contract-based claims.

The Court finds that there is a factual dispute regarding the application of the discovery rule. FLNG's claim is not barred by the statute of limitations at this stage.

## I.   FLNG HAS SUFFICIENTLY RAISED THE DISCOVERY RULE.

Zachry argues that FLNG did not properly raise the discovery rule in its amended complaint. The parties do not dispute that application of the discovery rule is determined by federal pleading standards. The discovery rule "need not be specifically pleaded in federal court." *Brandau v. Howmedica Osteonics Corp.*, 439 F. App'x 317, 320 (5th Cir. 2011) (quoting *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008). "It is enough that the plaintiff plead sufficient facts to put the defense on notice of the theories on which the complaint is based." *Id.* (quoting *TIG Ins. Co.*, 439 F. App'x at 357).

The Court finds that the facts pleaded by FLNG sufficiently gave Zachry notice that the discovery rule applies.  The amended complaint alleges that:

- The Train 3 motor tripped offline on January 17, 2024, four years after the Contractors completed their EPC contractual obligations.  ECF No. 60 at 10.

- Post-incident investigations found that the cause was due to defects in hardware housed within the non-accessible part of the GE motors.  ECF No. 60 at 10.  The motors were manufactured offsite and delivered to the Project site as intact units.  ECF No. 60 at 15.

- Pre-installation inspections by the Contractors "represented the only opportunity to discover and correct these defects." ECF No. 60 at 15–16.

FLNG properly raised the discovery rule.

## II.    THE TEXAS SUPREME COURT WOULD CONSIDER APPLICATION OF THE DISCOVERY RULE TO THIS EPC CONTRACT DISPUTE.

Zachry argues that the discovery rule does not apply here because "the Texas Supreme Court has never held that the discovery rule applies to contracts like the EPC contracts."  ECF No. 90 at 8.  It is true that that the Texas Supreme Court has never applied the discovery rule to an EPC contract claim.  But it is also true that the Texas Supreme Court has not categorically barred the application of the rule in breach of contract claims like this present case.  *Via Net v. Tig Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006) ("We do not hold today that the discovery rule can never apply to breach of contract claims.").  The Texas Supreme Court describes situations where the discovery rule would apply in a breach of contract dispute  "rare."  *See id.* at 315 (noting that "diligent contracting parties should generally discover any breach during the relatively long four-year limitations periods provided for such claims").

The Court must make an *Erie* guess as to whether the discovery rule could be applied to this EPC contract dispute under Texas law. When making an *Erie* guess, the Court must determine what the Texas Supreme Court would most likely decide. *See Weatherly v. Pershing, LLC*, 945 F.3d 915, 920–21 (5th Cir. 2019). The Court must not "adopt innovative theories of state law." We should simply apply the law as it currently exists. *Id.* (quoting *Jackson v. Johns-Manville Sales Corp.*, 781 F.2d 394, 397 (5th Cir. 1986)). The Fifth Circuit mandates that our guess should be based on:

> (1) decisions of the state supreme court in analogous cases, (2) the rationales and analyses underlying state supreme court decisions on related issues, (3) dicta by the state supreme court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which state courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries.

*Id.* at 920.

When the Texas Supreme Court preserved the possibility that the discovery rule could apply in a contract case, it did not specify why. In making its *Erie* guess, the Court assumes that the same types of exceptional prudential situations that exist under non-contractual cases could potentially arise.

The discovery rule in tort cases is typically applied when a plaintiff suffers from a latent disease that does not manifest until many years after exposure to a harmful chemical. *See Childs v. Haussecker*, 974 S.W.2d 31,38 (Tex. 1998). Accrual is deferred "until a plaintiff's symptoms manifest themselves to a degree or for a duration that would put a reasonable person on notice that he or she suffers from some injury and he or she knows, or in the exercise of reasonable diligence should have known, that the injury is likely work-related." *Id.* at 40.

That latent injury scenario is analogous to this present case where the injury—the alleged breach of contract—did not manifest until four years later when the motor tripped offline. The Court guesses that the Texas Supreme Court would not foreclose the application of the discovery rule in this context at the summary judgment stage.

### III.   THERE IS A FACTUAL DISPUTE REGARDING THE APPLICATION OF THE DISCOVERY RULE.

The parties agree that it is Zachry's burden to preclude the application of the discovery rule. Under Texas law, to prevail at summary judgment on a limitations defense, the defendant bears the burden of negating the discovery rule by conclusively establishing that: (1) the discovery rule does not apply, or (2) the summary judgment evidence negates it. *McGowan v. S. Methodist Univ.*, 715 F.Supp. 3d 937, 946 (N.D. Tex. 2024).

However, under *Erie* principles, this Court must apply federal procedural law, which appears unclear as to which party bears the burden regarding the discovery rule defense to the statute of limitations. *Compare Tex. Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 649 (5th Cir. 2001) (aligning with Texas law by placing the burden on the defendant to negate the discovery rule), *with FDIC v. Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993) (placing the burden on the plaintiff).

Regardless of which party bears the burden of the discovery rule, the outcome is the same. Under Texas law, Zachry cannot prevail on summary judgment on a limitations defense because Zachry has not conclusively negated the application of the discovery rule. Under federal law, summary judgment must be denied because there is a factual dispute over whether the discovery rule applies. *See Shrader & York*, 991 F.2d at 220 (holding that the plaintiff only needed to produce *some* summary judgment evidence in support of its discovery rule argument to create a genuine issue for trial (emphasis added)).

The Texas Supreme Court reserves the discovery rule for "exceptional cases." *Via Net v. Tig Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006); *see also S.V. v. R.V.*, 933 S.W.2d 1, 25 (Tex. 1996) (applying the discovery rule "should be few and narrowly drawn"). Exceptional cases include breach of contract claims when the injury is inherently undiscoverable and objectively verifiable. *See Via Net*, 211 S.W.3d at 315; *Archer v. Tregellas*, 566 S.W.3d 281, 290–92 (Tex. 2019). "An injury is inherently undiscoverable when it is unlikely to be discovered within the prescribed limitations period despite due diligence." *Archer*, 566 S.W.3d at 290 (quotations omitted). Whether an injury is inherently undiscoverable is decided on a categorical rather than a case-specific basis. *Id.* at 290.

The question is not whether FLNG *could have discovered* its injury with diligence, but whether FLNG's injury was the type of injury that could be discovered through the exercise of reasonable diligence. *See Via Net*, 211 S.W.3d at 314 ("[T]he focus is on whether a *type* of injury rather than a *particular* injury was discoverable."). While determination of whether an injury is inherently undiscoverable is a question of law, **reasonable diligence is an issue of fact**. *See Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F.Supp. 3d 562, 586 (W.D. Tex. 2019) (emphasis added). Some courts may determine reasonable diligence as a matter of law "when there is actual or constructive notice, or when information is readily accessible and publicly available." *Hooks v. Samson Lone Star, LP*, 457 S.W.3d 52, 58 (Tex. 2015). This is not one of those cases. Nothing suggests that FLNG was charged with notice of any potential injury from defects within the enclosed motors. The Court cannot conclusively determine whether the discovery rule applies to the facts of this case. The underlying facts will be decided at trial.

Zachry argues that FLNG could have discovered the motor defects through the exercise of reasonable diligence because FLNG was aware that the size and complexity of the motors warranted a heightened degree of diligence. ECF No. 90 at 12. Zachry bolsters its contention by focusing on FLNG's pleaded facts, which state that a "simple review of

the design," and "adequate shop inspections" would have yielded discovery of the design defects. ECF No. 90 at 12.

While these arguments suggest that FLNG may have been able to discover defects with a certain degree of diligence, they do not establish what reasonable diligence requires in this context. The Court declines to adopt a *per se* rule as to the level of required diligence when the subject of the diligence is a highly complex, massive set of machinery. This situation is so unique—unlike other Texas cases involving the discovery rule—that the Court must await evidence to determine the reasonable diligence required by an owner of the complex, massive motors at issue.

FLNG has provided sufficient evidence to create a fact issue regarding the discovery rule. FLNG asserts that it could not have discovered the motor defects through reasonable diligence because the motors showed no signs of defects until the Train 3 motor tripped offline. ECF No. 95 at 9. FLNG claims that reasonable diligence does not require FLNG to perform the work that it hired the Contractors to do. ECF No. 95 at 9. Rather, FLNG claims that reasonable diligence only required it to ensure that its contract partners fulfilled its contractual duties by requesting the Contractors to submit Certificates of Completion for their work on Trains 1–3.

FLNG also claims it exercised reasonable diligence by retaining Baker Hughes, the manufacturer of the motors, to periodically inspect and service the motors. ECF No. 95 at 10. FLNG alleges that only a "major inspection," which was scheduled to occur at least 9.4 years following the commencement of motor operations, would have discovered the motor defects. ECF No. 95 at 11.

The parties' contentions create a factual dispute whether FLNG could have discovered the motor defects through the exercise of reasonable diligence before the Train 3 motor tripped in January 2024.

Because there is a factual dispute regarding the application of the discovery rule, summary judgment on limitations grounds is not appropriate.

## CONCLUSION

A separate order will be entered.

SIGNED 02/27/2025

_____
Marvin Isgur
United States Bankruptcy Judge